J-A25041-25                    2026 PA Super 145

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KENNETH SULLIVAN SMITH :
:
Appellant : No. 2702 EDA 2024
:

Appeal from the Judgment of Sentence Entered September 6, 2024
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000328-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KENNETH SULLIVAN SMITH :
:
Appellant : No. 2703 EDA 2024
:

Appeal from the Judgment of Sentence Entered September 6, 2024
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000075-2021

BEFORE:   LAZARUS, P.J., BOWES, J., and FORD ELLIOTT, P.J.E.[*]

CONCURRING OPINION BY BOWES, J.:                    **FILED JULY 8, 2026**

I agree with my esteemed colleagues' resolutions as to most of
Appellant's claims of error, as well as with the overall decision to affirm his
judgment of sentence.  I write to state my differing reasoning for concluding

_____

[*] Retired Senior Judge assigned to the Superior Court.

that he is not entitled to relief on his challenge to the trial court's denial of his motion to suppress the evidence obtained from his cellphone.

I begin with a review of the applicable legal principles. Procedurally, suppression of evidence is governed by Pa.R.Crim.P. 581. That Rule provides that a motion to suppress "shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof." Pa.R.Crim.P. 581(D). Thereafter, "[t]he Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights." Pa.R.Crim.P. 581(H).

Turning to the substantive law, "the Fourth Amendment of the United States Constitution and Article 1, [§] 8 of the Pennsylvania Constitution protect against unreasonable searches and seizures." **Commonwealth v. Choice**, 345 A.3d 719, 733 (Pa.Super. 2025) (cleaned up). The purposes of these provisions are "to prevent general (*i.e.*, overbroad) searches and to ensure that the search will be carefully tailored to its justifications and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." **Id**. (cleaned up).

An overbroad warrant is one which permits "in clear or specific terms the seizure of an entire set of items, or documents, many of which will prove unrelated to the crime under investigation[,]" thus authorizing an unconstitutional "general search and seizure." **Commonwealth v. Young**,

287 A.3d 907, 920 (Pa.Super. 2022) (cleaned up). The overbreadth analysis is the same for physical and digital spaces, and entails determining "whether the warrant described as nearly as may be those items for which there is probable cause." *Commonwealth v. Green*, 265 A.3d 541, 554 (Pa. 2021).

Our Supreme Court has explained that "the natural starting place in assessing the validity of the description contained in a purportedly overbroad warrant is to determine for what items probable cause existed." *Id*. at 551. "After establishing the scope of probable cause, the sufficiency of the description must then be measured against those items for which there was probable cause." *Young*, 287 A.3d at 920 (cleaned up). "Any unreasonable discrepancy between the items for which there was probable cause and the description in the warrant requires suppression." *Id*. (cleaned up). Thus, "overbreadth is a legal issue that is based solely on the face of the affidavit," rather than on evidence adduced at a suppression hearing. *Id*. at 917. Where a warrant is facially defective due to overbreadth, all evidence seized pursuant to it must be suppressed. *See*, *e.g.*, *Commonwealth v. Grossman*, 555 A.2d 896, 900 (Pa. 1989) (reversing denial of suppression of all evidence seized pursuant to a facially overbroad warrant that authorized the seizure of the paper files of all clients although there was probable cause only as to three particular files described in the affidavit).

As this Court elucidated:

> For example, a warrant that authorizes the search and seizure of a flash drive and "any contents contained therein," without

limitation for non-criminal use of the flash drive would be overbroad. *See Commonwealth v. Orie*, 88 A.3d 983, 1008 (Pa.Super. 2014); *see also United States v. Wecht*, 619 F. Supp. 2d 213, 246 (W.D. Pa. 2019) (finding overbroad a warrant authorizing seizure of all data on a computer). However, an overbreadth challenge fails if a warrant for a search of an entire digital device has "self-limiting language" that allows police to search only for evidence of the crime for which there is probable cause. *E.g.*, *Green*, 265 A.3d at 554–54; *Orie*, 88 A.3d at 1009–10 (finding that a warrant with limiting language for the search of a computer cured any overbreadth defect in a prior warrant for the seizure of the computer, distinguishing *Wecht*).

*Commonwealth v. Moser*, 283 A.3d 850, 857-58 (Pa.Super. 2022) (holding warrant was not overbroad because, while it "allowed police to search the entirety of the data in Moser's cellular phone[,]" it only permitted them to seize files "that establish[ed] or provide[d] details regarding the nature of the relationship between Moser and the victim relating to [enumerated offenses]" (cleaned up)).

In the instant case, Corporal Shawn Smith authored a thirteen-page affidavit of probable cause to support his application for a search warrant. Therein, he detailed how, in his training and experience, individuals involved in the sale and acquisition of controlled substances use cellphones, particularly voice, text, and social media applications, to communicate about their illegal activities. Searches of the phones have revealed those communications and contact information for conspirators. Further, call logs and location data from the phones can be used to pinpoint the time and place of drug deals, and photographs and videos stored on the phone have been known to depict people and things involved in the crimes, such as co-conspirators and

controlled substances. Having obtained Appellant's name, phone number, and Facebook profile information from the victim's cellphone, along with evidence of exchanged messages that included the discussion and images of packages of heroin, Corporal Smith investigated Appellant's background, confirming his association with the phone number listed in the victim's phone and Appellant's drug-related criminal history. The affidavit also included a narrative of Corporal Smith's interactions with the confidential informant ("CI") whose assistance resulted in Appellant's arrest and the seizure of a Chevrolet Malibu in which he and Paul Wassel travelled to the controlled buy that precipitated Appellant's arrest. **See generally** Affidavit of Probable Cause, 6/25/20, at 1-12.[1] Based upon this information, Corporal Smith opined that he had probable cause to believe that the Malibu contained drugs and that "the extraction of the cellular phones as described on the application for the search warrant will yield evidence related to [various specified drug offenses]." **Id**. at 13.

Accordingly, the corporal applied for a warrant to search the Malibu, with the application identifying the items to be searched and seized as follows:

> Heroin/Fentanyl, glassine packets . . . Marijuana, syringes, drug packaging material, drug paraphernalia commonly used for to [*sic*] introduce a controlled substance into a human body, packaging marijuana, US Currency, firearms to include handguns, receipts, identifying vehicle information to include registration, vehicle title, rental receipts, sales receipts, identification cards, Chevrolet Malibu infotainment system to include connected

---

[1] The Commonwealth introduced the affidavit of probable cause and the search warrant at the June 2, 2022 omnibus pretrial hearing as Commonwealth's Exhibit 2.

Bluetooth devices, contacts, locations, messages, phone calls, vehicle information logging, cellular phones which are believed to be owned by [Appellant] and/or Paul WASSEL.

Search Warrant Application and Authorization, 6/25/20, at 1. The description

continued on the next page thusly:

Information contained within the cellular phones currently inside the white Chevrolet Malibu Sedan to include all owner information pertaining to the subscriber's identity, including but not limited to name, address and telephone number associated with the cellular phones. All usernames, passwords, installed applications, contacts, call logs, voicemail, Short Message Service and Multi-Media Messages, instant messaging services to include those through social medical apps, chats, emails, documents, picture files, video files, electronic notes, locations saved or displayed via GPS or mapping application, and any downloaded files, including date created, shared or saved through any installed applications including Facebook, or any other social media application. All internet browser history, bookmarks and search history. All wireless internet connections to include Internet Protocol Addresses. All media storage devices stored within the examined cellular device identified as any media card, SIM card, micro SD card and the data contained therein.

*Id*. at 2. The magisterial district judge authorized the warrant, and, pursuant

to it, Appellant's iPhone was seized, its data was extracted, and its contents

searched for incriminating evidence.

In his operative *pro se* omnibus pretrial motion, Appellant stated three

bases for excluding the evidence obtained from his phone pursuant to this

warrant. **See** Omnibus Pre-Trial Motion, 3/29/22, at 13-15. I perceive the

pertinent basis to be the one raised in ¶ 6 of the suppression portion of his

motion, which stated as follows:

[Appellant] did not voluntarily provide [the] password, or facial recognition to unlock, as there was concern over invasion of

privacy, exposure of private family photographs, and disclosure of explicit photographs of his fiancée[.] In the ensuing phone extraction the OVERBREADTH of the data collected was grossly invasive, egregious in nature towards the constitutionally guaranteed privacy of a United States citizen. **See United States of America vs. Alston**[,] 2016 U.S. Dist. LEXIS 63776 No. 1S Cr. 43S (CM).[2] (Discusses what would be considered overbreadth of information gathered). Attorney/client protected communications and correspondence (texts, emails, and voicemails) between [Appellant] and his criminal defense legal counsel . . . and personal injury legal counsel . . . . These photos and sensitive personal information have been disseminated to an unknown number of law enforcement personnel, the Pike and Wayne County District Attorney's offices defense legal counsels and their respective clients. [Appellant]'s two codefendants in both instant cases . . . have the Cellebrlte extraction with the explicit photos, all his private financial information, protected correspondence from [Appellant]'s legal counsels, and medical doctors going back to 2017. The majority of this data has nothing to do with a drug conspiracy alleged to have occurred from April 24, 2020, to June 25, 2020. . . . .

*Id*. at 14-15.

Appellant reiterated his argument at the suppression hearing, complaining:

Alright, so then also the Commonwealth has not discussed the overbreadth of discovery of information mainly about the phone

---

[2] In **United States v. Alston**, 2016 WL 2609521 (S.D.N.Y. Apr. 29, 2016), the defendant challenged a warrant as overbroad, alleging that it unconstitutionally "authorized nothing less than a wholesale seizure of Mr. Alston's records and communications with everyone regardless of whether they were linked to any crime." *Id*. at *5 (cleaned up). The court denied the motion, concluding that it was not overbroad because the warrant contained language limiting the search to items for which there was probable cause. For example, the warrant, *inter alia*, permitted the search of "all SMS (simple message service) messages pertaining to violations of Title 18, United States Code, Section 846 (conspiracy to distribute narcotics) (the "TARGET OFFENSE")," and "all files containing text, photos, sounds recordings, or videos pertaining to the TARGET OFFENSE." *Id*. at *6 (cleaned up).

like the hard drive Cellebrite extraction dumped everything from the phone going all the way back to 2017, and if we're talking about an alleged drug conspiracy or what have you between April 2020 to June 2020, I don't see how what is anything to do with 2017 and '18 family photos and the compromising photos if you will and all the other information, also correspondences with my [attorneys] and just . . . the overbreadth.

N.T. Omnibus Pretrial Hearing, 6/22/22, at 53-54. The suppression court interrupted, suggesting that his complaints about what he deems to be irrelevant evidence would better be addressed through a motion *in limine*. Id. at 54. Appellant responded by referencing what was transcribed as "***United States of America vs. Austin***" and its discussion of overbreadth.[3] ***Id***. The court ultimately denied all Appellant's suppression requests collectively, indicating that it was "persuaded at this time that the evidence gathered by the Commonwealth and disclosed to [Appellant] as discovery was not obtained in violation of [Appellant]'s rights or in violation of the Pennsylvania Rules of Criminal Procedure." Suppression Court Opinion, 1/9/23, at 6.

The Majority holds that Appellant failed to preserve his claim that the warrant permitting the search and seizure of his cellphone was unconstitutionally overbroad because he did not comply with the mandate of Pa.R.Crim.P. 581(D) that a suppression motion "shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof." Majority Opinion

---

[3] From the context, it seems likely that Appellant intended to invoke the ***Alston*** case cited in his motion.

at 16-17 (quoting Pa.R.Crim.P. 581(D)). My colleagues opine that Appellant neglected to "assert any foundational facts or applicable law in his suppression motion which listed various items." *Id*. at 16 (citing Omnibus Pre-Trial Motion, 3/29/22, at 13-14).

We have held that, "[i]n the extreme case, a complete failure to comply with the specificity requirements of Rule 581(D) will result in waiver, as those requirements have been held to be mandatory." *Young*, 287 A.3d at 916 (cleaned up). In my view, the instant case involves no such deficiency in Rule 581(D) compliance. Appellant's *pro se* motion stated with specificity the evidence to be suppressed, namely "all evidence originating from the iPhone 11 Pro Max with phone number (845) 793-2214 associated with [Appellant], including but not limited to text messages, Facebook messages, photos, screenshots, and/or the Cellebrite logical and physical data extraction." Omnibus Pre-Trial Motion, 3/29/22, at 14. The ground for suppression in ¶ 6 was overbreadth, and he cited a case, albeit not one of precedential significance in Pennsylvania, that sufficiently alerted the Commonwealth and the court of the legal basis for his challenge. Appellant further presented the foundational facts that the Commonwealth's search and seizure of the phone's contents was not limited in time or subject matter to the charged offenses. Upon this record, I cannot agree with the Majority that waiver is apt.

From my examination of the substance of Appellant's claim, I find it meritorious. I agree with the Commonwealth that Corporal Smith in his

affidavit stated probable cause to establish that evidence of drug trafficking in the summer of 2020, and his connection with the victim, was likely to be found on Appellant's phone. However, the warrant does not authorize a search limited to items connected with the criminal activity at issue as did the warrants in *Green*, *Moser*, and *Alston*. Rather, the warrant herein authorized the search and seizure of every bit of data recovered from Appellant's phone regardless of timeframe or connection with the alleged criminal activity. As such, the warrant was unconstitutionally overbroad as were the warrants in *Grossman*, *Young*, and *Wecht*. Therefore, I would hold that the suppression court erred in denying Appellant's motion to suppress all evidence obtained from his iPhone pursuant to that warrant.

However, that does not conclude my analysis, for, "[o]nce a reviewing court has decided admitted evidence should have been suppressed, it must determine beyond a reasonable doubt whether the error was harmless." *Commonwealth v. Rosendary*, 313 A.3d 236, 249 n.13 (Pa.Super. 2024). "Where the error is harmless, a new trial is not warranted." *Id*. "An error is harmless if it could not have contributed to the verdict, or stated conversely, an error cannot be harmless if there is a reasonable possibility the error might have contributed to the conviction." *Commonwealth v. Kearney*, 341 A.3d 774, 785 (Pa.Super. 2025). We may conclude an error is harmless if, *inter alia*, "the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously

- 10 -

admitted evidence," or where "the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." *Id*. at 785-86 (cleaned up).

I am convinced that the admission of the evidence from Appellant's phone was harmless in that it was substantially similar to properly admitted evidence gleaned from other sources. At trial, in addition to the incriminating information obtained from Appellant's jail calls and his recorded conversation with the CI, along with third-party records establishing the phone numbers and call details for Appellant and his co-conspirator, the Commonwealth offered text and Facebook messages between the victim and Appellant or his co-conspirator obtained from **the victim's** phone. I thus disagree with Appellant's contention that the error was not harmless because evidence from his phone "was essential to the Commonwealth's case[.]" Appellant's brief at 53. Rather, the wrongfully-obtained evidence merely corroborated the Commonwealth's similar, untainted evidence. I am confident that the verdict would have been the same had the court properly suppressed the evidence from Appellant's phone.

In sum, while I join the Majority's resolution of Appellant's challenges concerning the appointment of standby counsel and a private investigator; the admission of recordings of Appellant's interactions with the CI and text messages from the phones of the victim and the CI; the refusal to allow

counsel to relitigate Appellant's *pro se* issues; the sufficiency of the evidence to establish the crime of DDRD; and the denial of Appellant's motion to sever the cases, I concur only in the result my colleagues reach as to the suppression issue.[4]

_____

[4] I note that our Supreme Court's recent trial consolidation decision in **Commonwealth v. Walker**, 350 A.3d 54 (Pa. 2026), which addressed the admissibility of evidence of separately-charged offenses, is not implicated in this case because the evidence was admissible pursuant to *res gestae* exception to Pa.R.E. 404(b) rather than to show a common plan, scheme, or design.